UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

APPLIED BIOLOGICS LLC, a
South Dakota limited liability company,

      Plaintiff

v.

                                 Case No. 2:25-cv-13995
                                 Hon.

SPINE SPECIALISTS OF MICHIGAN
P.C., a Michigan professional corporation,

      Defendant.

---

## COMPLAINT

Applied Biologics LLC ("Plaintiff") for its Complaint against Defendant Spine Specialists of Michigan P.C. ("Defendant")[1] hereby alleges as follows:

## PARTIES

1. Plaintiff is a foreign-managed limited liability company organized and existing under the laws of the State of South Dakota, with its principal place of business located in Scottsdale, Arizona. Plaintiff's sole manager and sole member is Aspen Biotech Corporation, a domestic for-profit corporation organized under the laws of the State of Delaware with its principal place of

---

[1] Plaintiff, together with Defendant, are each a "Party," and collectively, the "Parties."

1

4916-3539-8522\5

business in Scottsdale, Arizona, and is therefore a citizen of Delaware and Arizona.

2.      Defendant is a domestic professional corporation organized and existing under the laws of the State of Michigan, with its principal place of business located in Troy, Michigan. Defendant is therefore a citizen of the State of Michigan.

## JURISDICTION AND VENUE

3.      The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the Parties, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

4.      The Court has personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 4(k)(1)(A) and the Due Process Clause of the Fourteenth Amendment because Defendant conducts, or has conducted, business in the Eastern District of Michigan, and Defendant has caused certain events to occur in the Eastern District of Michigan out of which this action arises.

5.      Venue in the Eastern District of Michigan is proper pursuant to 28 U.S.C. § 1391(b).

2

4916-3539-8522\5

## GENERAL ALLEGATIONS

6. Plaintiff is a fully integrated life sciences company providing, among other things, product development, manufacturing and distribution of various medical technologies.

7. Plaintiff manufactures and distributes a medical product called XWRAP® (the "Product").

8. The Product is an allograft that is used in the management of chronic wounds such as diabetic foot ulcers, venous stasis ulcers and pressure ulcers.

9. Defendant ordered the Product from Plaintiff.

10. Thereafter, Plaintiff shipped the Product to Defendant and invoiced Defendant for the Product, as set forth below (collectively, the "Invoices"):

|   | Invoice No. | Invoice Date | Due Date | Amount |
|---|---|---|---|---|
| 1. | 8480 | 1/24/2025 | 2/23/2025 | $44,064.00 |
| 2. | 8534 | 1/31/2025 | 3/2/2025 | $44,064.00 |
| 3. | 8586 | 2/7/2025 | 3/9/2025 | $44,064.00 |
| 4. | 8719 | 2/19/2025 | 3/21/2025 | $44,059.00 |
| 5. | 8748 | 2/21/2025 | 3/23/2025 | $44,064.00 |
| 6. | 8817 | 3/3/2025 | 4/2/2025 | $44,064.00 |
| **TOTAL** | | | | **$264,379.00** |

3

4916-3539-8522\5

True and correct copies of the Invoices are attached hereto as **Exhibit 1** and incorporated herein by reference.

11.     Pursuant to the terms of the Invoices, and as reflected in the table above, payment for the Product was due within thirty (30) days of the dates listed on the respective Invoices.

12.     Defendant made partial payments towards the Invoices, totaling $17,625.60.

13.     Defendant did not object or contest any invoices or amounts due and owing.

14.     However, to date, Defendant has failed to remit payment to Plaintiff for the remaining balance of the Invoices, totaling $246,753.40 (the "Outstanding Amount").

15.     Defendant, on information and belief, used the Product that Plaintiff provided to it, but Defendant has failed or refused to remit full payments to Plaintiff for the Product.

16.     At all relevant times, Plaintiff has fully complied with its obligations under the Invoices.

17.     Plaintiff is entitled to recover its reasonable attorneys' fees and costs in connection with collection of payment due under the Invoices.

4

4916-3539-8522\5

## CAUSES OF ACTION

## COUNT I

## (Breach of Contract)

18.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

19.    The Invoices constitute valid and binding contracts.

20.    At all relevant times, Plaintiff performed all of its contractual obligations, namely, delivery of the Product that Defendant purchased from Plaintiff.

21.    Under the Invoices, Defendant has a contractual obligation to pay Plaintiff for the Product it received from Plaintiff.

22.    Defendant has materially breached its contractual obligations by failing or refusing to pay the Outstanding Amount due under the Invoices to Plaintiff.

23.    As a direct and proximate result of Defendant's material breach of its payment obligations under the Invoices, Plaintiff has been damaged in an amount to be proven at trial, but not less than the Outstanding Amount.

4916-3539-8522\5

## COUNT II

## (Account Stated)

24.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

25.    Plaintiff and Defendant agreed that Plaintiff would provide Product to Defendant on an open account, and that Defendant would pay to Plaintiff the balance of the account.

26.    Plaintiff issued Invoices to Defendant as set forth herein, and Defendant did not object or contest to the amounts due and owing.

27.    Defendant agreed, expressly or by implication, that the account balance is correct.

28.    As set forth in the Affidavit of Debbie J. Neal, the balance due and owing from Defendant on Plaintiff's account stated is $246,753.40. **Exhibit 2**.

29.    Defendant failed to pay Plaintiff when the amounts became due and owing.

30.    The account remains unpaid, and Plaintiff is due the balance of the account.

4916-3539-8522\5

## <u>COUNT III</u>

### (Alternative Claim for Unjust Enrichment)

31.    Plaintiff incorporates by reference each of the allegations contained in the previous paragraphs of this Complaint as though fully set forth herein.

32.    By providing the Product to Defendant as set forth herein and evidenced by the Invoices, Plaintiff conferred a benefit upon Defendant, with Defendant's express consent and at Defendant's express request.

33.    Plaintiff reasonably expected payment for the benefit conferred without delay.

34.    It would be unjust for Defendant to retain the benefit Plaintiff conferred without restitution not less than the Outstanding Amount.

**WHEREFORE**, Plaintiff prays for judgment in its favor and against Defendant Spine Specialists of Michigan P.C., as follows:

A.    Awarding Plaintiff the Outstanding Amount due under the Invoices;

B.    Awarding Plaintiff pre-judgment and post-judgment interest on the foregoing amounts at the highest rate allowed under applicable law;

C.    Awarding Plaintiff all of its attorneys' fees, costs and expenses;

7

4916-3539-8522\5

D.     Alternatively, finding that Defendant has been unjustly enriched as a result of receiving the Product as evidenced by the Invoices, but without remitting payment to Plaintiff for the Product; and

E.     Awarding Plaintiff such other and further relief as the Court deems just and proper under the circumstances.

Respectfully Submitted:

Saretsky Hart Michaels + Gould PC

By:  */s/ Brian Witus*
Miles D. Hart (P43797)
Brian Witus (P53062)
Colin D. Gerish (P83349)
995 South Eton
Birmingham, Michigan 48009
(248) 502-3300
mhart@saretsky.com
bwitus@saretsky.com
cgerish@saretsky.com
*Attorneys for Plaintiff Applied Biologics LLC*

Dorsey & Whitney LLP

By:*/s/Madison Burr*
Madison Burr (Admission Forthcoming)
Michael Galen
2325 Camelback Road, Ste 900
Phoenix, Arizona 85016
(602) 735-2709
burr.madson@dorsey.com
galen.michael@dorsey.com
*Co-Counsel for Plaintiff Applied Biologics LLC*

Dated:  December 11, 2025

8

4916-3539-8522\5